UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-61269-CIV-COHN/SELTZER

FREDERICK PANICO, on his own
behalf and all similarly situated
individuals,

       Plaintiff,

vs.

YGSL HOLDINGS LLC, a Florida limited liability
company and JOSEPH GOPIN, individually,

       Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Frederick Panico's Motion for Summary Judgment [DE 28] ("Motion"). The Court has carefully considered the Motion, Defendants' Response [DE 31][1] ("Response"), Plaintiff's Reply [DE 36] ("Reply"), all of the parties' submissions, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Frederick Panico ("Plaintiff") filed this action against Defendants YGSL Holdings LLC ("YGSL") and Joseph Gopin ("Gopin") (collectively "Defendants") on June 26, 2012. Complaint [DE 1]. Defendant YGSL specializes in retail food sales and catering . Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 [DE 28-1] ("Plaintiff's Facts") ¶ 1. YGSL employed Plaintiff as a bread maker/ baker. Id. ¶ 4. Defendants have admitted that they are subject to enterprise coverage

---

[1] An identical response also appears at DE 32.

under the Fair Labor Standards Act ("FLSA").  Id. ¶ 7.  During the course of his employment, Defendants paid Plaintiff in cash and failed to maintain time records which tracked his hours.  Id. ¶ 8.  Plaintiff worked approximately 51 hours per week for a 13 week period from June 2011 through September 20, 2011.  Id. ¶ 12.  Plaintiff was paid $425 per week for his first forty hours of work.  Id. ¶ 14.  Pursuant to the FLSA, Plaintiff is owed overtime compensation for the hours he worked in excess of forty hours during this 13 week period.  Id. ¶ 12.  Plaintiff has now moved for summary judgment on his FLSA claim.  Defendants oppose the Motion.

## II.  DISCUSSION

### A. Legal Standard.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific

2

facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### B. Plaintiff is Entitled to Summary Judgment on Its Claims Against Defendant YGSL.

In the Motion, Plaintiff contends that he is entitled to summary judgment on his claims brought pursuant to the FLSA because (1) Defendants each jointly employed the Plaintiff; (2) Defendants were an enterprise within the coverage of the FLSA; (3) Defendants violated the FLSA's record keeping requirement; (4) Defendants failed to pay Plaintiff for overtime hours worked in violation of the FLSA; and (5) Plaintiff is entitled to damages of $2,277.99 and an equal amount as liquidated damages for Defendants' willful violation of the FLSA. Motion at 1. Defendants oppose the Motion, arguing that Plaintiff is not entitled to summary judgment because the Motion is premised upon disputed facts, Plaintiff has failed to establish that Defendants were an enterprise covered by the FLSA, and Defendants did not fail to pay Plaintiff overtime wages. Response at 4-6. In his Reply, Plaintiff concedes that Defendants have raised a

disputed issue of material fact as to whether Defendant Gopin individually is an employer under the FLSA. Reply at 2 n.2.[2] For the reasons discussed below, the Court finds that Plaintiff is entitled to summary judgment as to Defendant YGSL.

### 1. Defendants Failed to Properly Controvert Plaintiff's Statement of Undisputed Material Facts.

Defendants contend that summary judgment is improper because they "have raised legal and factual issues that not only rebut Plaintiff's Motion for Summary Judgment, but bring proof that genuine 'issue of fact' exists." Response at 3-4. As Plaintiff points out in his Reply, however, Defendants have denied the allegations of the Complaint in a conclusory manor. Reply at 3. For example, Defendants assert via the affidavit of Joseph Gopin that time records for Plaintiff were presented to the Department of Labor which included Plaintiff in a September 20, 2011 audit. Affidavit of Joseph Gopin [DE 31-2] ("Gopin Aff.") ¶¶ 9, 15-16. According to Gopin, the Department of Labor determined that Plaintiff was not entitled to any overtime pay. Id. ¶ 17.

It is axiomatic that "[c]onclusory, uncorroborated allegations . . . in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion." Solliday v. Federal Officers, 413 Fed. Appx. 206, 207 (11th Cir. 2011) (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990)); see also Ojeda v. Louisville Ladder Inc., 410 Fed. Appx. 213, 215-16 (11th Cir. 2010) (plaintiff's statement in affidavit that he was using ladder within manufacturer's specifications was insufficient to defeat summary judgment because it was a conclusory

---

[2] Accordingly, the Court will deny the Motion as to Gopin and allow the case to proceed to trial on the narrow issue of whether Gopin was an employer under the FLSA.

statement unsupported by specific facts).  Here, Defendants have failed to provide any evidence, such as the time cards themselves or documentation from the Department of Labor regarding the audit to substantiate Gopin's contention.  The statements contained within Gopin's affidavit are simply not credible when, by Defendants' own admission, the time records are available, but have not been provided to the Court.  See Defendants' Facts ¶ 7 (stating that "YGSL can determine, using the same process that the Department of Labor used, that the Plaintiff is not owed overtime wages.").  Accordingly, the Court finds that Defendants have failed to controvert Plaintiff's claims that he worked overtime hours and that Defendants have failed to produce records of the number of hours he worked.  See Plaintiff's Facts ¶¶ 8, 12.

Moreover, Defendants have failed to comply with Local Rule 56.1.  Local Rule 56.1 provides:

> Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs.  Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.

L.R. 56.1(a).  Here, Defendants' Statement of Disputed Material Facts Pursuant to Local Rule 56.1 [DE 31-3] ("Defendants" Facts") fails to comply with the Local Rule because it fails to correspond to the order and paragraph numbering scheme used by Defendant.  For example, in the subsection entitled parties, Plaintiff lists 6 subparagraphs.  Plaintiff's Facts ¶¶ 1-6.  Defendants respond to only four of those paragraphs.  Defendants' Facts ¶¶ 1-4.  Pursuant to the Local Rule, "[a]ll material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless

5

controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." L.R. 56.1(b).[3] Accordingly, the Court will deem admitted any paragraph of Plaintiff's Facts that Defendants did not respond to.

### 2. Plaintiff Properly Relied Upon Facts Deemed Admitted by Defendants' Failure to Timely Respond to Plaintiff's Requests for Admissions.

Plaintiff contends that he has established that Defendants are covered enterprises under the FLSA because of their failure to admit or deny Plaintiff's requests for admission. Motion at 5. In opposition, Defendants contend that Plaintiff should not be allowed to rely on their failure to respond because they were never informed that any responses were outstanding when they were proceeding *pro se* and their counsel was never informed that any discovery was due after he appeared in this case. Response at 4-5.

The requests for admissions Plaintiff served on Defendants state that they were served in accordance of Federal Rule of Civil Procedure 36. Plaintiffs' First Request for Admissions, Exhibit C to Plaintiff's Motion [DE 28-4] at 1, 9 ("Requests For Admissions"). If Defendants had reviewed this rule when they received the Requests For Admissions, they would have known that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); see also Manfred v. Everett, No. 1:04-CV-

---

[3] Because Defendants have failed to employ the paragraph numbering scheme employed by Plaintiff, the Court has done its best to determine which facts Defendants failed to controvert.

3223–TWT, 2006 WL 1627062, at *2 n. 1 (N.D. Ga. June 9, 2006) (citations omitted) ("The Eleventh Circuit has recognized that Rule 36 should be applied against parties proceeding *pro se* when the party received actual notice of the requests for admissions and failed to respond to them.").[4]  Here, Defendants do not deny that they received the Requests for Admission.  Gopin Aff. ¶¶ 11-12; Requests for Admissions at 3, 10.  They only argue that they did not realize that any discovery was owed.  Id.  Even if Defendants did not understand the significance of their failure to respond to the Requests for Admission, once counsel appeared for Defendants and counsel was made aware of the outstanding discovery due[5], counsel should have sought to have the

---

[4]   Courts in other districts "have been reluctant to award summary judgment on the basis of a pro se party's default on requests for admissions on the grounds that such a party may not have understood the effect of failure to respond to the requests." United States v. Renfrow, No. 5:07-CV-117-FL, 2009 WL 903202, at *3-4  (E.D.N.C. Jan. 26, 2009) (citing Jones v. Jack Henry & Assocs., Inc., Civ. No. 3:06cv428, 2007 WL 4226083, at *2 (W.D.N.C. Nov. 30, 2007) (declining to deem unanswered requests admitted where there was no evidence in the record that pro se plaintiff was ever notified of the consequences of failing to respond); United States v. Turk, 139 F.R.D. 615, 618 (D. Md.1991) (court declined to grant summary judgment against a pro se defendant based *solely* upon failure to answer requests for admissions (emphasis added)); In re Savage, 303 B.R. 766, 773 (Bankr. D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits.")). Here, because Defendants failed to respond to the Request for Admissions even after they obtained counsel, these cases are unavailing.

[5]   Defendants argue that their counsel never received an email dated October 11, 2012 which attached the Requests for Admissions and informed counsel that responses were outstanding.  Response at 5.  This letter was also sent to Defendants' counsel by Federal Express.  Requests for Admissions at 16.  Plaintiff has provided the Court with a return receipt showing delivery of the Requests for Admissions to Defendants' counsel on October 12, 2012.  Proof of Delivery [DE 36-1]. Accordingly, Defendants' argument that their counsel was unaware of the Requests for Admissions is simply not credible.  In any event, it was the responsibility of Defendants, not Plaintiff's counsel, to inform their attorney that they had been served with discovery prior to their attorney entering an appearance in the case.

7

admissions withdrawn or amended pursuant to Federal Rule of Civil Procedure 36(b).  It is apparent to the Court that both Defendants and their counsel were aware of the Requests for Admission, but chose not respond.[6]  Accordingly, pursuant to Rule 36, Plaintiff properly relied upon the Requests for Admission to establish that Defendants are an enterprise within the meaning of the FLSA.  Plaintiff's Facts ¶ 10; see also United States v. 2204 Barbara Lane, 960 F.2d 126, 130 (11th Cir. 1992) (affirming grant of summary judgment based on failure to respond to requests for admission).

### 3. Plaintiff has Established that Defendants Failed to Pay Him for Overtime Hours Worked.

Plaintiff next argues that because Defendants have failed to produce any records regarding the amount of hours that he worked, his estimate that he worked at least 51 hours per week for a 13 week period should be accepted.  Motion at 5.  In response, Defendants argue that there is a disputed issue of material fact as to the number of hours that Plaintiff worked which precludes summary judgment.  Response at 5.  In support of this argument, Defendants rely on the Affidavit of Joseph Gopin which asserts that Plaintiff's time cards were submitted to the Department of Labor during a September 20, 2011 audit which determined that Plaintiff was not entitled to any overtime compensation.  Gopin Aff. ¶¶ 9, 15-17.

The proof necessary to establish an FLSA claim for overtime compensation has

---

[6] Defendants also appear to argue that the Court should disregard their failure to respond to the Requests for Admissions because Plaintiff never filed any motions to compel the discovery.  Response at 5.  Plaintiff was under no such obligation.  By rule, requests for admission are deemed admitted if they are not responded to within 30 days.  Fed. R. Civ. P. 36(a)(3).  Thus, there was no reason for Plaintiff to file a motion to compel.

been address by both the Supreme Court and the Eleventh Circuit:

> Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).  It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment.  Id. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." Id.

Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).  Where the employee produces evidence of the amount and extent of overtime hours, "[t]he burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence."  Allen, 495 F.3d at 1316 (citing Anderson, 328 U.S. at 687-88).  "'If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.'" Id. (quoting Anderson, 28 U.S. at 688).

Here, Plaintiff has met his burden of demonstrating the amount of uncompensated overtime hours he worked.  Plaintiff has provided an affidavit which states that he worked approximately 51 hours a week for 13 weeks.  Declaration of Frederick Panico, Exhibit A to Plaintiff's Motion [DE 28-2] ("Panico Decl.") ¶ 20.  Although Defendants, through the affidavit of Joseph Gopin, purport to have records which demonstrate that Plaintiff did not work any uncompensated overtime hours, these records were never presented to the Court.  For the reasons discussed in Subsection 1, supra, Mr. Gopin's affidavit is insufficient to "negate the reasonableness of the inference to be drawn" from Plaintiff's affidavit regarding the number of hours Plaintiff worked.

9

See Allen, 495 F.3d at 1316 (quotations omitted).  Accordingly, Plaintiff is entitled to summary judgment on his overtime compensation claim against Defendant YGSL in the amount of $2,277.99.[7]

### 4. Plaintiff is Also Entitled to Liquidated Damages.

Plaintiff next argues that he is entitled to an amount of liquidated damages equal to his unpaid overtime compensation.  Motion at 8.  Plaintiff argues that although Defendants have asserted an affirmative defense of good faith in their answer, they have failed to make the showing necessary to establish this affirmative defense.  Id. at 9.  Defendants generally deny that Plaintiff is entitled to liquidated damages on the grounds that Plaintiff is not entitled to any overtime compensation.  Response at 6.

When an employer has violated the FLSA, he is liable "in the amount of the employee's unpaid overtime compensation 'and in an additional equal amount as liquidated damages.' "  Lewis v. Keiser Sch., Inc., No. 11–62176–Civ, 2012 WL 4854724, at *5 (S.D. Fla. Oct. 12, 2012) (quoting Allen, 495 F.3d at 1323).  "An exception exists when the employer acted in good faith and had 'reasonable grounds for believing that he was not violating the Act.' "  Lewis, 2012 WL 4854724, at *5 (quoting Allen, 495 F.3d at 1323).  The Court decides whether an employer has acted in good faith.  See 29 U.S.C. § 260.  Here, Plaintiff expressly moved for summary judgment on the issue of liquidated damages.  See Motion at 8-9.  Yet, Defendants failed to address their good faith compliance with the FLSA other than a general denial that Plaintiff was

---

[7] The Court has reviewed Plaintiff's calculation of his overtime wages and finds the calculation to be an accurate approximation of his overtime wages.  See Motion at 10 (citing Panico Decl. ¶ 21).

10

not entitled to overtime compensation.  Response at 6.[8]  Because the burden of demonstrating good faith falls entirely upon Defendants, the Court finds that Plaintiff is entitled to liquidated damages in the amount of $2277.99.  See Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1274 (11th Cir. 2008).

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff Frederick Panico's Motion for Summary Judgment [DE 28] is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **GRANTED** as to Defendant YGSL Holdings, LLC and **DENIED** as to Defendant Joseph Gopin.  This case will proceed to trial on the limited issue of whether Defendant Joseph Gopin is an employer within the meaning of the Fair Labor Standards Act.  The Court will enter a separate final judgment as to Defendant YGSL Holdings, LLC.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of January, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF

---

[8] Additionally, as discussed in subsections 1 and 3, supra, the Court does not credit Defendants' claim that the Department of Labor audited Plaintiff's time records.  Defendants failed to produce any evidence regarding this audit to the Court.