UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-61269-CIV-COHN/SELTZER

FREDERICK PANICO, on his own
behalf and all similarly situated
individuals,

       Plaintiff,

vs.

YGSL HOLDINGS LLC, a Florida limited liability
company and JOSEPH GOPIN, individually,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Award of Attorneys' Fees [DE 53] ("Motion"). The Court has carefully considered the Motion, notes the lack of response to the Motion by the deadline of March 21, 2013, and is otherwise fully advised in the premises.

Plaintiff Frederick Panico ("Plaintiff") filed a motion for attorneys fees following this Court's entry of judgment in favor of Plaintiff and against Defendants YGSL Holdings LLC and Joseph Gopin ("Defendants"). Plaintiff seeks $27,195.00 in total fees from Defendants. Defendants have failed to oppose the Motion.

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), a prevailing plaintiff is entitled to reasonable attorneys fees. 29 U.S.C. § 216(b). In order to "calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 F.

App'x 684, 686 (11th Cir. 2011) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). A "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>ACLU v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999) (quoting <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1304 (11th Cir. 1988)).  The applicant's burden includes providing the court with "specific and detailed evidence from which the court can determine the reasonable hourly rate." <u>Id.</u> Fee counsel should maintain records to show the time spent on different claims. <u>Id.</u> Additionally, the applicant should demonstrate "the general subject matter of the time expenditures" with "sufficient particularity so that the district court can assess the time claimed for each activity." <u>Id.</u> "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Hensley</u>, 461 U.S. at 433.

Here, Plaintiff seeks to recover $27,195.00 in attorneys fees.  This amount is comprised of 73.50 attorney hours at $350.00 per hour and 14 paralegal hours at $105.00 per hour.  Having reviewed detailed time records submitted by Plaintiff, as well, as the Declaration of Andrew Frisch, the Court finds that both the hours and hourly rates are reasonable in this matter.  Given that Defendants have failed to object, the Court will grant the Motion.

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Award of Attorneys' Fees [DE 53] is **GRANTED**.  Plaintiff shall recover $27,195.00 in fees from Defendants.  The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of April, 2013.

2

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.